# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:08CV-516-S

**DANIEL COBBLE**                                                                 **PETITIONER**

**v.**

**BEN BERNANKE** *et al.*                                                  **RESPONDENTS**

## OPINION

Petitioner, Daniel Cobble, filed this civil action against Ben Bernanke, Chairman of the U.S. Federal Reserve Bank; Henry Paulson, Secretary of the U.S. Department of the Treasury; George W. Bush, President of the United States; Christopher Cox, Chairman of the Securities & Exchange Commission; Goldman Sachs & Co.; Fannie Mae; Freddie Mac; Senator Lamar Alexander; and Senator Herb Kohl.  Along with his petition, Petitioner filed a motion to proceed without prepayment of fees on the Court-approved form.  However, page 4 of the Court-approved form was missing from the documents filed by Petitioner.  Accordingly, by Order entered October 7, 2008, Petitioner was ordered to file a fully completed application to proceed without prepayment of fees within thirty days of entry of the Order.  Thirty days have passed without a response from Petitioner.  Accordingly, by separate order, the Court will deny the application to proceed without prepayment of fees.

Additionally, a review of the petition/complaint reveals that this Court lacks subject matter jurisdiction to provide Petitioner with the relief he seeks.  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are

courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

  In his complaint, Petitioner complains that the "bank bailout plan," which at the time was pending before Congress, will not work. He asks the Court to stay the plan and then to take a variety of actions that Petitioner claims will save the economy and protect the nation. Our constitutional principles of separation of powers withhold from the judiciary the power to interfere with the actions of our legislative branch of the federal government. It is this Court's obligation to interpret the law when faced with a case or controversy. The Court, however, is precluded from interfering in the passage of the laws by Congress. Furthermore, the Court is not authorized to legislate from the bench. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 343 F. Supp. 2d 838, 843 (W.D. Mo. 2004); *In re Snavely*, 314 B.R. 808, 818 (9th Cir. 2004) ("We cannot legislate from the bench to make the statute into something it is not, either in its

plain language or in its historical application."). For these reasons, the Court lacks subject matter jurisdiction over Petitioner's claims. Accordingly, his complaint will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
 Defendants

4411.008